IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SANQUENETTA ESPIE,<br><br>  Plaintiff,<br><br>v.<br><br>GEORGIA VOCATIONAL<br>REHABILITATION AGENCY,<br><br>  Defendant. | Civil Action No.<br><br><br>JURY TRIAL DEMANDED |

## COMPLAINT

COMES NOW, Plaintiff Sanquenetta Espie ("Plaintiff" or "Ms. Espie"), by and through undersigned counsel, and files her Complaint for Damages against Defendant Georgia Vocational Rehabilitation Agency ("Defendant"), and shows the Court as follows:

## NATURE OF COMPLAINT

1.

Plaintiff brings this action for damages for Defendant's violation of her rights under the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101, *et seq.* ("ADA"); and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, as amended.

## JURISDICTION AND VENUE

2.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. §§ 1331 and 1343 and 42 U.S.C. § 12117.

3.

Defendant is a public agency with offices located within this District and Division which is financed through a variety of funds made available from appropriations by Congress, by gifts or grants from private sources, by appropriations of the General Assembly, and by transfer of funds from state departments for the purpose of establishing and operating rehabilitation centers and workshops. Additionally, the unlawful employment practices alleged in this Complaint were committed within this District and Division. In accordance with 28 U.S.C. § 1391, venue is appropriate in this Court.

## ADMINISTRATIVE PROCEDURES

4.

Plaintiff timely filed a charge of discrimination against Defendant with the Georgia Commission on Equal Opportunity and with the Equal Employment Opportunity Commission ("EEOC") on September 14, 2021, alleging discrimination on the basis of disability.

5.

The U.S. Department of Justice issued a "Notice of Right to Sue" on February 14, 2022, entitling an action to be commenced within ninety (90) days of receipt of that notice.

6.

The Georgia Commission on Equal Opportunity has failed to conduct a hearing or appoint a hearing officer within 90 days of the date of Plaintiff's GCEO Complaint.

7.

This action has been commenced within ninety (90) days of receipt of the "Notice of Right to Sue."

## PARTIES

8.

Plaintiff is a female citizen of the United States of America and is subject to the jurisdiction of this Court.

9.

During the relevant time period, December 14, 2019, through August 10, 2021, Plaintiff was employed by Defendant.

10.

Defendant employed Plaintiff during the relevant time period.

11.

Defendant is a recipient of federal financial assistance as defined by Section 504 of the Rehabilitation Act, 29 U.S.C. Section 794; is an employer as defined by the Georgia Fair Employment Practices Act at 45-19-22(5) and Title I of the Americans with Disabilities Act; and is a public entity as defined by Title II of the Americans with Disabilities Act.

12.

Plaintiff is an "eligible employee" within the meaning of Defendant's FMLA policies, in that she had been employed with Defendant for more than 12 months and worked more than 1250 hours in the 12 months preceding her request for FMLA.

13.

Plaintiff is a female citizen of the United States of America and a resident of the State of Georgia and at all such times, Plaintiff was an "employee" of Defendant as defined under Defendant's FMLA policies.

14.

During all times relevant hereto, Defendant has employed fifty or more employees, within a 75-mile radius of Plaintiff's employment, such that Plaintiff was contractually entitled to take leave during her employment with Defendant.

15.

Plaintiff was an "employee" of Defendant as defined under the ADA at 42 U.S.C. § 12111(4) and held public employment as defined by O.C.G.A. Section 45-19-22(6).

16.

Defendant may be served with process on its Chief Executive Officer, Executive Director Chris Wells, at 200 Piedmont Avenue 5th Floor, Atlanta, GA 30334.

## FACTUAL ALLEGATIONS

17.

Ms. Espie began working for Defendant on December 14, 2019, as a temporary Accountant.

18.

Defendant hired Ms. Espie as a full-time employee effective March 2, 2020.

19.

Ms. Espie was employed by Defendant as a Disbursement Accountant 4.

20.

On or about May 17, 2021, Ms. Espie notified Defendant that she was suffering from a psychological impairment and requested leave under the Family and Medical Leave Act, as an accommodation for her psychological impairment.

21.

Ms. Espie's request for FMLA leave for her own serious health condition was granted for the period of May 24, 2021 – June 24, 2021.

22.

Ms. Espie requested and was approved for extended FMLA leave for the period of June 25, 2021 – July 23, 2021.

23.

In July, Ms. Espie again sought to extend her FMLA leave. Her request for continuous leave was approved through August 18, 2021, at which point she would have exhausted her FMLA leave.

24.

Defendant terminated Ms. Espie's employment on August 10, 2021, which she was on protected leave.

25.

Defendant failed to provide Ms. Espie the opportunity to request to extend her leave by submitting a GVRA Leave of Absence Request, per its earlier communication to her.

26.

Defendant terminated Plaintiff because she has a disability, including a record of a disability and/or because it regarded her as disabled.

27.

But for Plaintiff's disability, she would not have been terminated.

28.

Employees outside of her protected class, i.e. employees who were not disabled and/or did not need medical leave, were not terminated.

## CLAIMS FOR RELIEF

## COUNT I:  DISABILITY DISCRIMINATION IN VIOLATION OF THE ADA AND SECTION 504

29.

Plaintiff reincorporates by reference paragraphs 1 through 28 as if fully set forth herein.

30.

Plaintiff had a physical or mental impairment that limited one or more major life activities.

31.

Plaintiff's mental health impairment is a "disability" within the meaning of the ADA and Section 504, as amended.

32.

Defendant was aware of Plaintiff's disability.

33.

Defendant regarded Plaintiff as having a disability such that she is a person with a disability and/or perceived disability within the meaning of the ADA and Section 504, as amended.

34.

Plaintiff has a record of having a disability and/or perceived disability such that she is a person with a disability within the meaning of the ADA and Section 504, as amended.

35.

At all times relevant to this action, Plaintiff was a qualified individual with a known or perceived disability as defined in the ADA and Section 504.

36.

Defendant terminated Plaintiff's employment because of her disability, perceived disability, or record of having a disability.

37.

By terminating Plaintiff's employment because of her disability, perceived disability, or record of having a disability, Defendant violated the ADA and Section 504, as amended.

38.

Although Defendant purports to provide a legitimate non-discriminatory reason for the adverse action, this reason is a pre-text for disability discrimination.

39.

Defendant's actions in terminating Plaintiff's employment constitutes unlawful discrimination on the basis of disability in violation of Titles I and II of the Americans with Disabilities Act of 1990, as amended, and Section 504 of the Rehabilitation Act, as amended.

40.

Defendant has willfully and wantonly disregarded Plaintiff's rights, and Defendant's discrimination against Plaintiff was undertaken in bad faith.

41.

As a direct and proximate result Defendant's violation of the ADA, Plaintiff has been made the victim of acts that have adversely affected her psychological and physical well-being.

42.

As a result of Defendant's discriminatory actions against Plaintiff, she has suffered lost compensation and benefits, emotional distress, inconvenience, humiliation, and other indignities.

43.

Pursuant to the ADA and Section 504, as amended, Plaintiff is entitled to damages including but not limited to back pay and lost benefits, reinstatement, compensatory damages, equitable relief, attorneys' fees, costs of litigation and all other relief recoverable under these statutes and pursuant to 42 U.S.C. § 1981a.

44.

Defendant discriminated against Plaintiff, and, in failing and refusing to take any appropriate remedial action to remedy the unlawful employment practices, has not only deprived Plaintiff of equal employment opportunities, but exhibited malice or reckless indifference to the federally protected rights of Plaintiff.

45.

Plaintiff thus seeks compensatory and punitive damages pursuant to §102(a)(1) of the Civil Rights Act of 1991, 42 U.S.C. § 1981a(b).

## COUNT II:  RETALIATION IN VIOLATION OF THE ADA AND SECTION 504, AS AMENDED

46.

Plaintiff reincorporates by reference paragraphs 1 through 28 of this Complaint.

47.

Plaintiff had a physical health impairment which limited one or more major life activities.

48.

Plaintiff's physical l health impairment is a "disability" within the meaning of the ADA and Section 504, as amended.

49.

Defendant was aware of Plaintiff's disability.

50.

At all times relevant to this action, Plaintiff was a qualified individual with a known or perceived disability as defined in the ADA.

51.

Defendant terminated Plaintiff for requesting an accommodation for her disability and/or perceived disability.

52.

Plaintiff's request for an accommodation of her disability and/or perceived disability constitutes protected conduct under the ADA, as amended.

53.

Defendant retaliated against Plaintiff by terminating her employment on the basis of her request for an accommodation.

54.

Defendant terminated Plaintiff's employment close in time to Plaintiff's accommodation requests.

55.

Defendant's proffered reasons for terminating Plaintiff's employment are a pretext designed to hide Defendant's retaliatory motive.

56.

Defendant's retaliatory actions against Plaintiff were in violation of the ADA and Section 504.

57.

Defendant willfully and wantonly disregarded Plaintiff's rights, and Defendant's retaliation against Plaintiff was undertaken in bad faith.

58.

As a result of Defendant's retaliatory actions against Plaintiff, she has suffered lost compensation and benefits, emotional distress, inconvenience, humiliation, and other indignities.

59.

Pursuant to the ADA and Section 504, Plaintiff is entitled to damages including but not limited to back pay and lost benefits, reinstatement, compensatory damages, equitable relief, attorneys' fees, costs of litigation and all other relief recoverable under the ADA, as amended.

60.

Defendant discriminated against Plaintiff, and, in failing and refusing to take any appropriate remedial action to remedy the unlawful employment practices, has not only deprived Plaintiff of equal employment opportunities, but exhibited malice or reckless indifference to the federally protected rights of Plaintiff.

## **COUNT III:  FMLA INTERFERENCE**

61.

Plaintiff reincorporates by reference paragraphs 1 through 28.

62.

Defendant is an 'employer' as defined by the FMLA.

63.

Plaintiff was an eligible employee under the FMLA.

64.

Plaintiff worked at least 1250 hours for Defendant within the 12 months preceding her request for medical leave pursuant to the FMLA.

65.

Plaintiff was employed by Defendant for more than 12 months.

66.

Plaintiff was employed by Defendant at a worksite with 50 or more employees within 75 miles of that worksite.

67.

Because Plaintiff was an eligible employee, Plaintiff was entitled to medical leave and other protections pursuant to the FMLA, 29 U.S.C. § 2601, et seq.

68.

Plaintiff had a medical condition that required Plaintiff to take time off work.

69.

Plaintiff had a serious medical condition as defined by the FMLA.

70.

Defendant received notice of Plaintiff's need for protected medical leave for her own serious medical condition on or about May 17, 2021.

71.

Defendant terminated Plaintiff's employment as a result of her requests for medical leave, and/or to avoid having to accommodate Plaintiff's respective rights to protected medical leave.

72.

Defendant interfered with rights protected under the Family Medical Leave Act, 29 U.S.C. § 2601, et seq., entitling Plaintiff to all appropriate relief under the statute.

73.

The effect of Defendant's actions has been to deprive Plaintiff of a job, as well as income in the form of wages, health insurance, prospective retirement

benefits, social security, and other benefits due to her solely because of her right to leave under the FMLA.

74.

As a result, Plaintiff is entitled to both equitable and monetary relief for Defendant's violation of the FMLA, specifically 29 U.S.C. § 2617(a)(1)(A) and (B) – including, but not limited to, back pay, liquidated damages, front pay or reinstatement, attorneys' fees and costs of litigation.

## COUNT IV:  FMLA RETALIATION

75.

Plaintiff reincorporates by reference paragraphs 1 to 28.

76.

Defendant is an 'employer' as defined by the FMLA.

77.

Plaintiff was an eligible employee under the FMLA.

78.

Plaintiff worked at least 1250 hours for Defendant within the 12 months preceding her request for medical leave pursuant to the FMLA.

79.

Plaintiff was employed by Defendant for more than 12 months.

80.

Plaintiff was employed by Defendant at a worksite with 50 or more employees within 75 miles of that worksite.

81.

Because Plaintiff was an eligible employee, Plaintiff was entitled to medical leave and other protections pursuant to the FMLA, 29 U.S.C. § 2601, et seq.

82.

Plaintiff had a medical condition that required Plaintiff to take time off work.

83.

Plaintiff had a serious medical condition as defined by the FMLA.

84.

Defendant received notice of Plaintiff's need for protected medical leave for her own serious medical condition on or about May 17, 2021.

85.

Defendant denied Plaintiff the opportunity for FMLA leave, even though she was eligible under the FMLA.

86.

Defendant terminated Plaintiff's employment because of her request for medical leave, and/or to avoid having to accommodate Plaintiff's respective rights to protected medical leave.

87.

Defendant's termination of Plaintiff's employment was causally related to her attempt to exercise her rights to protected medical leave pursuant to the FMLA.

88.

Defendant's termination of Plaintiff's employment constitutes unlawful retaliation against Plaintiff for her attempt to exercise her rights to protected medical leave under the FMLA, in violation of 29 U.S.C. §2615(a).

89.

As a direct and proximate result of Defendant's unlawful retaliation against Plaintiff, Plaintiff has been damaged and is entitled to the relief set forth in the Prayer for Relief below.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(a)   General damages for mental and emotional suffering caused by Defendant's misconduct;

(b)   Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(c)   Special damages and/or liquidated damages for lost wages and benefits and prejudgment interest thereon;

(d)   Reasonable attorney's fees and expenses of litigation;

(e)   Trial by jury as to all issues;

(f)   Prejudgment interest at the rate allowed by law;

(g)   Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(h)   Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein; and

(i)   All other relief to which she may be entitled.

Respectfully submitted the 3rd day of May, 2022.

**BARRETT & FARAHANY**

 s/ *Matthew C. Billips*
Matthew C. Billips
Georgia Bar No. 057110

*Attorney for Sanquenetta Espie*

P.O Box 530092
Atlanta, GA 30353
(404) 214-0120
(404) 214-0125 Facsimile
matt@justiceatwork.com